

**FILED**
August 25, 2023 02:41 PM
SX-2013-CV-00152
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| United Corporation <br>      Plaintiff | ) <br> ) <br> ) **CASE NO. SX-13-CV-152** |
|    v. | ) <br> ) |
| Wadda Charriez | ) **ACTION FOR DAMAGES** <br> ) |
|      Defendants | ) <br> ) **JURY TRIAL DEMANDED** |
| Wadda Charriez | ) <br> ) |
|      Counterclaimant | ) <br> ) |
|    v. | ) <br> ) |
| United Corporation | ) <br> ) |
|      Counter Defendant | ) <br> ) |
| Wadda Charriez | ) <br> ) |
|      Third Party Plaintiff | ) <br> ) |
|    v. | ) <br> ) |
| Fathi Yusuf | ) <br> ) |
|      Third Party Defendant | ) |

**Cite as: 2023 VI Super 55U**

**Attorney Charlotte K. Perrell, Esq.,**
Dudley, Newman & Feuerzeig, LLP
#100 Frederiksberg Gade
St. Thomas, U.S. Virgin Islands 00804

**Attorney K. Glenda Cameron, Esq.,**
#294 King Cross Street
Christiansted, Virgin Islands 00820

**Attorney Joel H. Holt, Esq.,**
#2132 Company Street
Christiansted, Virgin Islands 00820

*Meade, Jomo*
*Senior Sitting Judge of the Superior Court*

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

## MEMORANDUM OPINION and ORDER

¶ 1.    **THIS MATTER** comes before the Court on the motion of Defendant/Counterclaimant, Wadda Charriez (hereafter "Charriez") seeking summary judgment on the claims brought against her by Plaintiff, United Corporation, (hereafter "United"), United's motion in opposition and the Charriez's reply. In this action, Charriez has filed an answer and counterclaim and a third-party claim against, Fathi Yusuf. Charriez makes a request for partial summary judgment only on the claims alleged against her. To that extent, Charriez intends to continue the pursuit of her counterclaim against United and her claims against the Third-Party Defendant, Fathi Yusuf.

### Factual and Procedural Background

¶ 2.    On May 3, 2013, United filed a complaint against Charriez alleging claims of fraud, breach of fiduciary and conversion seeking damages on those claims. At the time that this action commenced, United managed the financial affairs of three supermarkets doing business under the name Plaza Extra Supermarkets. The Plaza Extra Supermarkets, collectively, are a business entity established by Mohammed Hamed and Fathi Yusuf and were owned, operated, and managed by the Hamed and Yusuf families[1]. United does not hold an ownership interest in the supermarkets. Charriez, an employee, was assigned to work at the supermarket located in the United Shopping Plaza in the vicinity of Sion Farm, Christiansted, St. Croix. The supermarket in this location was known as "Plaza Extra East" and was the tenant of United which owned the shopping plaza. The complaint alleges that Charriez, who is an at-will employee of United, falsified her time sheets. The complaint further alleges that the falsified time sheets caused United to compensate Charriez in excess of her wages, resulting in financial losses to United. On September 29, 2020, Charriez

---

[1] Subsequent to the commencement of this action the Hamed and Yusuf families severed their business relationship.

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

filed a Motion for Summary Judgment. The premise of Charriez's motion is that she was an employee of the partnership[2] that owned the supermarkets and not an employee of United that managed the financial affairs of the partnership. Accordingly, Charriez argues, United has no right to seek overpaid wages from someone who was not its employee. The parties have filed their motions with attached exhibits. On September 1, 2021, the Court conducted a hearing on the Motion for Summary Judgment during which the Parties presented their arguments.

## The Legal Standard

¶ 3.    Summary judgment should be granted only when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *V.I. R.C.P Rule 56 (a)*; *Brodhurst v. Frazier*, 57 V.I. 365, 368 (2012). "Rule 56 of the Virgin Islands Rules of Civil Procedure outlines a burden shifting approach to summary judgment analysis". *Kennedy Funding Inc. v. GB Properties, Ltd.*, 73 V.I. 425, 436 (V.I. 2020). First, the party requesting summary judgment bears the initial burden of showing that there is no issue of material fact. *Anderson v. Am. Federation of Teachers*, 67 V.I. 777, 778(V.I. 2017). Next, the burden shifts to the nonmoving party to produce specific evidence of a factual dispute that warrants a trial. *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). A genuine issue of material fact exists when the evidence presented could allow a reasonable jury to return a verdict for the nonmoving party. *Id.* at 195. In considering a motion for summary judgment the Court is confined to determining whether there are any disputed issues of material fact and is "prohibited from weighing the evidence or making credibility determinations". *Id.* at 198.  In determining whether there are any disputed issues of

---

[2] The Superior Court (Brady, J.) in its factual finding on a motion for a preliminary injunction filed by Hamed in a separate action ruled that there was prima facie evidence that the business operation of the supermarkets was a partnership.

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

material fact the Court must grant all reasonable inferences from the evidence on record in favor of the nonmoving party. *Brodhurst* 57 V.I. At 380.

## DISCUSSION

### A. The Employment Relationship

¶ 4.    To support the claim for summary judgment Charriez argues that she was an employee of the partnership that owns the Plaza Extra Supermarkets rather than an employee of United, the corporation that manages the financial affairs of the business. Charriez further argues that she was placed on the payroll of United because of its role of managing the financial affairs of the supermarkets. Finally, Charriez contends that because United was not the employer it has no right to make a demand for the claimed overpayment of wages. In support of its opposition to the motion for summary judgment, United argues that Charriez was an employee of United. As evidence of the employment relationship, United points to several evidentiary factors including: (1) Charriez was on United's payroll (2) United issued payroll checks and W-2 forms to Charriez (3) Charriez testified to being United's employee in deposition and  in a legal matter in Court (4) The partnership which Charriez claims to have employed her had no legal existence (5) the partnership was a recent creation that is a consequence of a legal action in the Superior Court and a decision by the Superior Court judge and (6) the partnership had no employees.

¶ 5.    The Parties appear to base their arguments on the issue of the employment relationship between the United and Charriez. Under the factual circumstances surrounding this case, the motion for summary judgment implicates two interrelated issues. The first is Charriez's employment relationship or status. The second is Charriez's conduct in the performance of her employment duties. The thrust of Charriez's motion is that United is not her employer and therefore has no authority to demand that she compensates United for the alleged overpayments or

4

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

to bring an action to do so. The success of Charriez's motion for summary judgment depends on whether a finding that United *'was not'* her employer disposes of the claims raised in the complaint. Charriez has the burden to produce evidence which show the absence of a genuine issue of material fact which would entitle her to judgment as a matter of law regarding the employment relationship and the claims alleged in the complaint. It is initially the movant's burden to show the absence of genuine issues of material fact. "If a moving party does not carry its burden of production, the nonmoving party is not obligated to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Aubain v. Kazi Foods of the V.I., Inc.*, 70 V.I. 943, 948 (V.I. 2019).

¶ 6.     Charriez requests summary judgment on the claims made against her in United's complaint. The complaint alleges claims of fraud, breach of fiduciary and conversion. These are claims which relate to Charriez's conduct in the workplace. The factual circumstances which define the employment relationship are not dispositive of any of these claims. Neither has Charriez provide any factual or legal support for her claim that under the circumstances, the absence of an employment relationship precludes United from pursuing this action. This is fatal to her claim for summary judgment. The Parties agree that United had the authority to manage the financial affairs of the supermarket. There are genuine issues of material fact as to whether that role includes the authority to bring this lawsuit. That is to say, even if United is not Charriez's employer, she has provided no factual evidence to establish that the United, in its capacity as manager of the financial affairs of the business, lacks the authority to bring this action to seek recoupment of the alleged overpaid wages. Charriez relies on a Superior Court's order requiring the joint operation of the supermarkets whereby the partners may not take unilateral action. But it is conceivable that Yusuf's role as a managing partner is separate from United's role as the manager of the

5

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

supermarket's financial affairs. Therefore, while the employment relationship is relevant to the determination of whether Charriez acted within the scope of her employment, it is not dispositive of the claims which United raised in the complaint.

¶ 7.    Moreover, to the extent that Charriez is contending that the employment relationship is dispositive of the claims raised in United's complaint, it is important to note that this is the issue upon which the Parties have identified their factual dispute – United claims that Charriez is its employee, Charriez asserts that she is not. There is also a factual dispute as to whether Charriez was an at-will employee as United has claimed. Clearly, summary judgment is unavailable since the grant of summary judgment is based on the absence of a factual dispute. Furthermore, in considering a claim for summary judgment the Court may not weigh the evidence or determine the credibility of witnesses but must view all inferences from the evidence in the light most favorable to the nonmoving party and construe any conflicting allegations in the nonmoving party's favor if properly supported. *Bertrand v. Mystic Granite and Marble, Inc.,* 63 V.I. 772, 778 (V.I. 2015). Additionally, even if an employment relationship is defined by statute and thereby becomes a question of law to be determined by the Court, that determination is driven by the facts surrounding the relationship. Those facts are in dispute at this juncture. Charriez has failed to meet her burden of showing the absence of a factual dispute sufficient to warrant summary judgment based on the employment relationship.

## B. Charriez's Conduct

¶ 8.    Charriez contends that she began her employment in 1996 as an employee of Plaza Extra Supermarket and was placed on the payroll of United. It was represented during oral arguments that the supermarket at which Charriez was scheduled to work was a tenant of United. It was also represented that although United managed the financial affairs of the supermarkets, the stores were

United Corporation vs. Wadda Charriez
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

owned and managed by a partnership of the Yusuf and Hamed families. Prior to the commencement of this action a conflict developed between the owners of the Plaza Extra Supermarkets regarding the management of the stores. These conflicts led to the initiation of several civil actions in the Superior Court between the Yusuf and Hamed families. In one such action, Hamed filed an action alleging that Fathi Yusuf and Mohammad Hamed formed a partnership through which they agreed to jointly own and operate the supermarkets and share the profits. The complaint further alleged that Yusuf acted in a manner that was calculated to undermine the partnership operations and success of the supermarkets. Later, Hamed filed a motion for a temporary restraining order and preliminary injunction alleging that Yusuf was attempting to change the management structure of the stores to undermine Hamed's partnership interests. The Superior Court found that there was evidence to support a prima facie case of the existence of a partnership with respect to the ownership and operation of the supermarkets. *Hamed v. Yusuf*, 58 V.I. 117 (Super. Ct. 2013). The Court entered an order granting Hamed's motion for a preliminary injunction and required that the parties continue the joint operation of the supermarkets pending the resolution of Hamed's claim of a partnership. *Id*. The Supreme Court of the Virgin Islands affirmed the Superior Court's order granting the injunction. *Yusuf v. Hamed*, 59 V.I. 841 (V.I. 2013).

9. The claims in this matter are based on allegations that Charriez's improper conduct caused injury to the Plaintiff. While the Parties address the motion for summary judgment in the context of whether United or the partnership was Charriez's employer, it is worth emphasizing that Charriez's employment relationship or status is not dispositive of these claims. In fact, the dispute that prompted the litigation between the owners and the dispute over Charriez's employment relationship have given rise to additional issues of material fact in relation to the appropriateness

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

of Charriez's conduct within the scope of employment. For instance, there are factual issues as to who had the authority to direct or control Charriez's work and whose work was being performed. The facts which resolve these issues are significant, particularly in light of Charriez's claim that one partner, Yusuf, terminated her, but the other partner, Hamed, instructed her to return to work. Charriez, further argues that by virtue of the Superior Court's order granting the preliminary injunction, Yusuf had no authority to unilaterally terminate her or to unilaterally make the decision to authorize United to bring this action. However, Charriez has not provided the evidence to show the absence of genuine issues of material fact in relation to allegations that she violated the terms of her employment duties through fraud, breach of fiduciary or conversion. These facts are critical to the determination of whether Charriez acted appropriately and in conformity with directives of the legitimate authority and critical to the determination of whether the evidence supports a claim for summary judgment.

¶ 10.    Charriez's employment relationship is a legal determination. However, the resolution of the claims involves more than a determination of whether United or the partnership was Charriez's employer. It involves the question of the authority delegated to Charriez pursuant to the performance of her employment duties and which entity or individual delegated that authority. Incidentally, the legal determination as to Charriez's employment relationship or status is fact based. "The categorization of a working relationship is fact driven and depends, not on the nominal label adopted by the parties but rather on the salient features and specific context in which the right and duties that inhere in the relationship are ultimately determined. *Safarian v. Am. DG Energy, Inc.*, 729 F. App'x 168,172 (3rd Cir. 2018). Charriez has not shown the absence of a genuine issue of material fact regarding the authority to regulate her conduct in the workplace or to determine whether her conduct was appropriate.

United Corporation vs. Wadda Charrierz
SX-2013-CV-0152
Memorandum Opinion and Order

Cite as: 2023 VI Super 55U

## CONCLUSION

¶ 11.   The complaint is based on allegations of Charriez inappropriate conduct in the performance of her employment duties. Charriez filed a motion for summary judgment contesting the allegations of the complaint which alleged that she was United's employee. The evidence of record indicates that United manages the financial affairs of the business operation which Charriez contends is her employer. As a result of a breakdown in the relationship and resulting conflict between the parties who owned and operated the business, the resolution of this matter extends beyond the issue of Charriez's employment relationship and status. The disposition of this matter is based on a factual finding of the appropriateness of Charriez's conduct which, in turn, is dependent on a finding of who had the authority to direct and control the Defendant's activities in the workplace. Charriez has not shown the absence of genuine issue of material fact to defeat the allegations of the complaint. She has failed to meet her initial burden. Accordingly, the Motion for Summary Judgment is **DENIED.**

**DONE AND SO ORDERED** this 25TH day of August, 2023.

**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

**ATTEST**

**TAMARA CHARLES**
Clerk of the Court

BY: _____  08/25/2023

**Clerk Court Supervisor**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 25, 2023 02:43 PM
SX-2013-CV-00152
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **United Corporation,** | Case Number: **SX-2013-CV-00152** |
| **Plaintiff** | Action: **Damages** |
| **v.** | |
| **Wadda Charriez,** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## <u>ORDER</u>

**To:** K. Glenda Cameron, Esq.          Joel H. Holt, Esq.

Charlott K. Perrell, Esq.

**Please take notice that on August 25, 2023**
**a(n)** _____ **Memorandum Opinion and Order** _____
dated _____ **August 25, 2023** _____ was/were entered
by the Clerk in the above-titled matter.

**Dated:** **August 25, 2023**                    **Tamara Charles**
_____                    _____
                                        **Clerk of the Court**

                              By: _____

                                        _____
                                        **Tisha Laurencin**
                                        **Court Clerk II**